IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID CONNER, on behalf of himself and others similarly situated, | ) )   CASE NO. |
| Plaintiff, | ) )   JUDGE )  |
| v. | )   **CLASS AND COLLECTIVE ACTION** )   **COMPLAINT** |
| MUSHRUSH UTILITY CONTRACTING, INC. | ) )   **JURY DEMAND INCLUDED HEREON** ) |
| Defendant. | ) |

Plaintiff David Conner ("Representative Plaintiff") for his Complaint against Defendant Mushrush Utility Contracting, Inc. ("Defendant") alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and Ohio Rev. Code § 4113.15.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under Ohio wage-and-hour statutes and Ohio Rev. Code § 4113.15 (the "Ohio Class").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in New Philadelphia, Ohio.

8. Within the three years preceding the filing of this Action, Plaintiff and others similarly situated were employed by Defendant as non-exempt employees who were paid on an hourly basis.

9. Within the three years preceding the filing of this Action, Representative Plaintiff and others similarly situated were "employees" within the meaning of 29 U.S.C. § 203(d), Ohio Rev. Code § 4111.03, and Ohio Rev. Code § 4113.15.

10. At all relevant times, every Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d), Ohio Rev. Code § 4111.03, and Ohio Rev. Code § 4113.15.

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning

of 29 U.S.C. §§ 206-207.

13. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

14. Defendant provides contracting services, such as gas line installation and repair, to utilities.

15. Plaintiff and other similarly situated employees were hourly, non-exempt employees of Defendant.

16. Defendant has a work rule that requires all hourly, non-exempt employees to begin working approximately ten minutes prior to the start of their scheduled shift.

17. The time that Plaintiff and other similarly situated employees spend working during this ten-minute period constitutes compensable "hours worked" within the meaning of the FLSA and Ohio law.

18. Defendant failed to compensate these employees for the time spent working during this ten-minute period. Defendant also failed to count the time spent working during this ten-minute period as "hours worked" for determining whether its employees were entitled to overtime compensation.

19. Defendant's failure to compensate employees for the time spent working during this ten-minute period and to count this time as "hours worked" is a violation of the FLSA and Ohio law.

20. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

21. The unpaid overtime compensation to which Plaintiff and other similarly situated employees are entitled has remained unpaid for more than thirty days beyond the regularly scheduled payday.

## COLLECTIVE ACTION ALLEGATIONS

22. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former hourly, non-exempt employees of Mushrush Utility Contracting, Inc. in the three years preceding the date of filing of this Complaint to the present, who worked 40 or more hours in any work week during this period of time.**

24. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were employees of Defendant who were subjected to and injured by Defendant's unlawful practice of failing to pay employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant was required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

27. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former hourly, non-exempt employees of Mushrush Utility Contracting, Inc. in the two years preceding the date of filing of this Complaint to the present, who worked 40 or more hours in any work week during this period of time.**

29. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

30. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant have a policy of failing to pay employees one and one-half times their regular rate of pay for each hour worked in excess of 40 per work week?
>
> Did Defendant fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

31. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

32. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

33. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

36. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

38. Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

39. Defendants failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

40. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

41. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

43. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Representative Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

45. Representative Plaintiff and the Ohio Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

46. Defendants failed to pay the required overtime compensation to Representative Plaintiff and the Ohio Class Members.

47. Ohio Rev. Code § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### Failure to Pay Wages on a Semimonthly Basis

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Ohio Rev. Code § 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

50. Plaintiff's and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of Ohio Rev. Code § 4113.15(A).

51. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

52. As a result of Defendants' willful violation, Plaintiffs and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Rev. Code § 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

E. Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*

*Counsel for Representative Plaintiff*
