IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID CONNER**, on behalf of himself and others similarly situated,   )<br>)<br>) | Case No. 5:22-cv-01759-CAB |
| ) | Judge Christopher A. Boyko |
| Plaintiff,   )<br>) | |
| vs.   )<br>) | |
| **MUSHRUSH UTILITY CONTRACTING, INC.**,   )<br>)<br>) | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |
| Defendant.   ) | |

Plaintiff David Conner ("Plaintiff") and Defendant Mushrush Utility Contracting, Inc. (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**:   Collective Action Settlement Agreement and Release (the "Agreement");

**Exhibit 2**:   Declaration of Jeffrey J. Moyle; and

**Exhibit 3**:   Proposed Order Granting Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that this Honorable Court approve the FLSA settlement reached by the Parties, and dismiss this case with prejudice.

1

Respectfully submitted,

| **NILGES DRAHER LLC** | **LITTLER MENDELSON, P.C.** |
|---|---|

*/s/ Jeffrey J. Moyle*  
Jeffrey J. Moyle (0084854)  
1360 East 9th St, Suite 808  
Cleveland, OH 44114  
Telephone: (216) 230-2955  
Facsimile: (330) 754-1430  
Email: jmoyle@ohlaborlaw.com  

Hans A. Nilges (0076017)  
7034 Braucher St NW, Suite B  
North Canton, OH 44720  
Telephone: (330) 470-4428  
Facsimile: (330) 754-1430  
Email: hnilges@ohlaborlaw.com  

*Counsel for Representative Plaintiff and Opt-in Plaintiffs*

*/s/ Edward H. Chyun* (with permission)  
Alex H. Frondorf (0087071)  
Edward H. Chyun (0076880)  
127 Public Square, Suite 1600  
Cleveland, OH 44114  
Telephone: (216) 696-7600  
Facsimile: (216) 696-2038  
Email: afrondorf@littler.com  
          echyun@littler.com  

*Counsel for Defendant*

**MEMORANDUM IN SUPPORT**

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

**A.     Summary of the Claims and Defenses.**

On October 3, 2022, Plaintiff filed this Action as a collective action under the FLSA and as a class action pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (ECF #1). Plaintiff alleged that Defendant violated the FLSA and OMFWSA by failing to pay Plaintiff and other similarly situated employees all of their overtime pay for hours worked prior to the start of their scheduled shifts. (*Id.*). On December 7, 2022, Opt-In Plaintiff Justin Might joined this case (ECF #6), and on December 15, 2022, Opt-In Plaintiff Abner Phillips joined this case (ECF #8). On January 6, 2023, Defendant filed its answer to Plaintiff's Complaint, in which it denied the material allegations in Plaintiff's Complaint, denied that it violated the law, and denied that collective or class treatment were proper in this case. (ECF #9).

After Defendant filed its Answer to Plaintiff's Complaint, the Parties engaged in informal discussions of whether settlement of this case would be feasible. In furtherance of those discussions, Defendant's counsel agreed to provide Plaintiff's counsel with wage and hour information for Plaintiff and the Opt-In Plaintiffs so that Plaintiff could make a settlement demand. Following an exchange of settlement proposals, the Parties reached an agreement to resolve this case. (*See* Declaration of Jeffrey J. Moyle ("Moyle Dec."), attached as Exhibit 2, at ¶ 10).

**B.     Summary of Key Settlement Terms.**

The total settlement amount is $15,000. This amount includes all individual settlement payments to the Plaintiffs, and Plaintiffs' Counsel's attorney fees and litigation expenses. (Moyle Dec. ¶ 11). In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and the Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and

causes of action that were asserted, or could have been asserted, in the lawsuit. (*Id.* at ¶ 12).

II.     <u>**PROPRIETY OF APPROVAL OF THE SETTLEMENT.**</u>

"Settlement of any Fair Labor Standard Act claim is subject to approval by the Court pursuant to § 216(b) of the FLSA." *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2021 U.S. Dist. LEXIS 260146, at *6 (N.D. Ohio May 10, 2021). In reviewing an FLSA settlement, the Court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA. *Id.* In reaching this conclusion, the Court should consider:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* Application of these principles to this settlement demonstrates that approval is warranted.

    **1.**     **No Indicia of Fraud or Collusion Exists**

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). Here, the Agreement was achieved only after arms-length and good faith negotiations between the Parties, after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue. (Moyle Dec., ¶ 10). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

    **2.**     **The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval**

The policy favoring the settlement of complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and

settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiff's claims, including whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits. (Moyle Dec. ¶ 13).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Plaintiffs, who will each recover 100% of the alleged unpaid overtime wages to which they claim to be entitled. (*Id*. at ¶ 14).

### 3. The Stage of the Proceedings and the Amount of Discovery Completed

Prior to negotiating the Settlement, Defendant produced timekeeping and payroll records for the Plaintiffs and Plaintiff conducted a detailed analysis of the records, which was shared with Defendant. (*Id*. at ¶ 15). As such, each Party was able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed the Parties to negotiate a settlement based on facts and data.

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that Plaintiffs would receive no compensation or, if they do receive compensation, it will be after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Plaintiffs bypass the inherent risks of litigation and achieve finality on this matter. (Moyle Dec. ¶ 14).

3

### 5. The Range of Possible Recovery

As state above, the Settlement represents a recovery of 100% of the alleged unpaid overtime wages to which Plaintiffs claim to be entitled. (Moyle Dec. at ¶ 14). As such, the settlement represents a substantial recovery by Plaintiffs and favors approval of the Settlement.

### 6. The Opinions of Counsel

The Parties' counsel are experienced in wage-and-hour litigation, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. (Moyle Dec. ¶ 15). Plaintiff's Counsel supports the Settlement as fair and reasonable, and in the best interest of the Plaintiffs. (*Id.* at ¶ 16). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the Settlement.

### B. The Attorney Fees to Plaintiff's Counsel Are Proper and Reasonable

Where, as here, a settlement agreement proposes an award of attorney's fees, a Court must determine that such fees are reasonable before the agreement is approved. *Hoiland v. NFM/Welding Eng'rs, Inc.*, No. 5:19-cv-2112, 2020 U.S. Dist. LEXIS 63094, at *3 (N.D. Ohio Apr. 10, 2020).

Here, Plaintiff is requesting that the Court approve reasonable attorneys' fees and costs of $7,068.71. The attorneys' fee award is less than Plaintiff's Counsel's lodestar for this case, which is approximately $9,800. (Moyle Dec. ¶ 17). Accordingly, the Court should find that the requested amount of attorneys' fees and costs is reasonable, and approve the Settlement Agreement.

### III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive

determination of every action. Accordingly, the Parties request that this Court approve the Settlement and dismiss this case with prejudice.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 East 9th St, Suite 808
Cleveland, OH 44114
Telephone:  (216) 230-2955
Facsimile:  (330) 754-1430
Email:  jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone:  (330) 470-4428
Facsimile:  (330) 754-1430
Email:  hnilges@ohlaborlaw.com

*Counsel for Representative Plaintiff and Opt-in Plaintiffs*

**LITTLER MENDELSON, P.C.**

*/s/ Edward H. Chyun* (with permission)
Alex H. Frondorf (0087071)
Edward H. Chyun (0076880)
127 Public Square, Suite 1600
Cleveland, OH 44114
Telephone:  (216) 696-7600
Facsimile:  (216) 696-2038
Email:  afrondorf@littler.com
  echyun@littler.com

*Counsel for Defendant*